UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-00096-TLN-1 |
| Plaintiff, | |
| v. | **ORDER** |
| RANDY EDWARD MARTIN, | |
| Defendant. | |

This matter is before the Court on *pro se* Defendant Randy Edward Martin's ("Defendant") Motion for Sentence Reduction.  (ECF No. 60.)  The Federal Defender's Office did not assume representation of Defendant in this matter.  The Government filed an opposition. (ECF No. 62.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2022, Defendant pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  (ECF Nos. 1, 33.)  In the presentence report ("PSR"), the probation officer found a total offense level of 33 and a criminal history category III. (ECF No. 49 at 7–8, 9–11.)  Defendant's criminal history category was based on a score of 6 points, calculated by assigning 4 points for prior criminal convictions and 2 "status points" under

1

the prior version of U.S.S.G. § 4A1.1(d), then in effect, because he committed the instant federal offense while under probation. (*Id.* at 11.)  The PSR identified Defendant's advisory guideline range as 168 to 210 months in prison.  (ECF No. 49-2 at 1.)  Ultimately, on February 23, 2023, the Court adopted the findings in the PSR but, based on agreements between the parties and 18 U.S.C. § 3553(a) factors, the Court sentenced Defendant to 97 months in prison.  (ECF Nos. 56, 57.)

On December 15, 2025, Defendant filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction when a defendant's guideline range has subsequently been lowered by the U.S. Sentencing Commission.  (ECF No. 60 at 1.)  Defendant seeks a reduction of his two-point enhancement for committing an offense while on probation, based on Amendment 821 to the U.S. Sentencing Guidelines, which took effect after his sentencing on November 1, 2023.  (*Id.*)  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. § 1B1.10.

## II.    STANDARD OF LAW

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes a [sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.")  However, a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(2).  In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  The Sentencing Guidelines policy statement provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).

As such, courts conduct a two-step inquiry to determine if a prisoner is eligible for relief under § 3582(c)(2). *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826); *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017). The court begins by "determining the amended guidelines range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). If a defendant is found "eligible" under the first step, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine whether, in its discretion, "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *Dunn*, 728 F.3d at 1155. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Brito*, 868 F.3d at 880 (quoting *Dunn*, 728 F.3d at 1157).

As to the eligibility prong, two provisions of Amendment 821 apply retroactively. U.S.S.G § 1B1.10(d). First, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). In prior versions, a defendant who committed an offense while under a criminal justice sentence, including *inter alia* probation, received two status points. U.S.S.G. § 4A1.1(d) (2021). Under the amended provision, a defendant who receives seven or more criminal history points now receives one additional status point for an offense under a criminal justice sentence, while a defendant with six or less criminal history points receives no additional status points. *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Second, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria.

### III.    ANALYSIS

Defendant moves for a reduction of sentence based on the two status points he received for committing an offense while under a criminal justice sentence. (ECF No. 60 at 1.) The Government argues Defendant does not qualify for a sentence reduction under 18 U.S.C § 3582(c)(2) and Amendment 821 because application of the amended status points provision

does not reduce Defendant's advisory guideline range.  (ECF No. 62 at 1.)

The Court agrees with the Government.  Defendant is not eligible for a sentence reduction under either retroactive provision in Amendment 821.  First, as to the status point provision, even if the Court reduced Defendant's criminal history score by two points — from 6 to 4 — the resulting criminal history category would still be III.  *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table) (Category III is assigned to persons with total criminal history points ranging from 4 to 6).  Because the application of the amended status point provision does not have the effect of lowering Defendant's guideline range, the Court is not authorized under 18 U.S.C. § 3582(c)(2) to reduce his sentence.[1]  *See* U.S.S.G. § 1B1.10(a)(2).  Second, Defendant does not qualify as a zero-point offender because he received 4 criminal history points.  *See* U.S.S.G. § 4C1.1(a)(1) (requiring that the defendant must not have received any criminal history points).

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for a Sentence Reduction (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Date: July 8, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]    Even if Defendant were eligible for reduction under Amendment 821, he offers no favorable § 3553(a) material for the Court to consider, which is the necessary next step for defendants who qualify for sentence reductions pursuant to 18 U.S.C § 3582(c)(2).